UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILSON LORENZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 15-1506-SLD |
| | ) |
| RANDY PFISTER, GUY PIERCE, and | ) |
| ED VILT, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This cause is before the Court on the Parties' pending motions, including Defendants Randy Pfister, Guy Pierce, and Ed Vilt's motion for summary judgment.

## MATERIAL FACTS

Plaintiff Wilson Lorenzo is an inmate within the Illinois Department of Corrections ("IDOC") who is currently incarcerated at the Menard Correctional Center. During the relevant time, however, Lorenzo was housed at the Pontiac Correctional Center ("Pontiac"). Also during the relevant time, Defendant Randy Pfister was the warden at Pontiac; Defendant Guy Pierce was an assistant warden at Pontiac; and Defendant Ed Vilt was an internal affairs lieutenant at Pontiac.

On September 27, 2013, Lorenzo received a disciplinary ticket and was transferred from the Hill Correctional Center ("Hill") to Pontiac. The disciplinary ticket charged Lorenzo with organizing gang hierarchy at Hill. On October 2, 2013, Pontiac's Adjustment Committee found Lorenzo guilty of the infraction charged at Hill and imposed discipline upon Lorenzo of three months in segregation, three months of yard restriction, and six months of contact visitation restrictions. Lorenzo was then placed in disciplinary segregation until December 27, 2013. On

1

December 27, 2013, Lorenzo was moved to Pontiac's administrative detention where he remained until April 23, 2014. On April 23, 2014, Lorenzo was transferred to the Stateville Correctional Center ("Stateville"). At Stateville, Lorenzo returned to the general inmate population and was no longer on any type of detention status.

On December 10, 2015, Lorenzo filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendants had violated his Constitutional rights. Specifically, Lorenzo alleged that Defendants violated his Fourteenth Amendment rights by placing him into administrative segregation without a hearing and without being allowed to call witnesses on his behalf. In addition, Lorenzo claimed that administrative segregation is much harsher than normal prison life, and therefore, Defendants violated his Due Process rights by placing him into administrative segregation. The Court conducted a merit review of Lorenzo's Complaint as required by 28 U.S.C. § 1915A and determined that Lorenzo's Complaint stated a claim against Defendants for allegedly violating his Due Process rights. Defendants have now moved for summary judgment on Lorenzo's claim against them.

## LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d

291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993). "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the nonmoving party." *Laskin v. Siegel*, 728 F.3d 7314, 734 (7th Cir. 2013)(internal quotation marks omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting)(1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## LORENZO'S MOTIONS ARE DENIED

Before turning to Defendants' motion for summary judgment, the Court must consider the motions that Lorenzo filed that affect the summary judgment motion. *First*, Lorenzo moves to strike Defendants' motion for summary judgment, memorandum in support, and affidavit from Major Chad Brown that they submitted in support of their motion for summary judgment. Lorenzo argues that they Court should strike these pleadings because Defendants obtained the affidavit *via* "inappropriate means." Lorenzo claims that Defendants used Major Brown's affidavit that he provided in a case that is or was pending in the United States District Court for

3

the Southern District of Illinois, and therefore, Major Brown's affidavit has no relevance to the facts of his case, especially given the fact that Major Brown signed the affidavit months before the Court ever entered a Scheduling Order in this case.

In response, Defendants admit that they committed a clerical error in submitting Major Brown's affidavit, in that, the affidavit contained the incorrect case caption and was dated 2016 rather than 2017 when Major Brown actually executed the affidavit. Defendants assert that the substance of Major Brown's affidavit is related to the facts of Lorenzo's case, and therefore, Defendants move for leave to amend Major Brown's affidavit.

Lorenzo's motion is denied, and Defendants' motion is granted. The Court has reviewed Major Brown's two affidavits and finds that they are identical other than the caption and the date upon which Major Brown executed his affidavit. The substance of the two is the same. Lorenzo has not been prejudiced as a result of the filing of the original affidavit, nor will he be prejudiced by allowing Defendants to correct the affidavit's clerical error.

Moreover, the records that Defendants produced to Lorenzo in June 2016 indicate that Major Brown served on the Adjustment Committee that imposed discipline on Lorenzo. Accordingly, Lorenzo should not have been surprised to have received an affidavit from Major Brown in support of Defendants' motion for summary judgment. In any event, Lorenzo has not shown that the affidavit contains false or incorrect information, and thus, there is no basis for striking Major Brown's affidavit.

*Second*, Lorenzo has filed a motion under Federal Rule of Civil Procedure 56(d) indicating that he cannot properly respond to Defendants' motion for summary judgment because he needs additional discovery, has filed a motion requesting that the Court compel Defendants to produce certain discovery pursuant to Federal Rule 37, and has filed a motion to re-open

discovery so that he may conduct discovery directed towards Major Brown to determine whether, in fact, a clerical error was committed in submitting Major Brown's affidavit or whether something nefarious was at work.  Lorenzo's motions are denied.

As for his motion under Rule 56(d), Lorenzo asks the Court to delay ruling on Defendants' motion for summary judgment until such time as Defendants produce the discovery that he requested and that he needs to respond properly to the motion for summary judgment.  In furtherance of Lorenzo's position that Defendants have not properly or adequately responded to his discovery requests, Lorenzo has also filed a motion asking the Court to compel Defendants to produce certain information, material, and documents that are responsive to his discovery requests but that Defendants have failed or refused to produce.

Defendants respond that Lorenzo has now received additional documents that are responsive to his discovery requests.  To the extent that some document requested by Lorenzo has not been provided to him, Defendants contend that the document either does not exist or was not provided based upon their asserted objections to Lorenzo's discovery requests.

As for his motion to compel, Lorenzo's motion appears to be mooted by the production of the additional documents.[1]  As for Plaintiff's motion under Rule 56(d), it too is mooted by two facts.  One, Lorenzo has, in fact, filed a response to Defendant's motion for summary judgment.[2]

---

[1] To the extent that Defendants have not produced additional requested documents, the Court sustains Defendants' objection to those discovery requests and finds that no further supplementation is necessary.

[2] In his response, Lorenzo continues his claim that he cannot properly respond to Defendants' motion for summary judgment and asks the Court to delay ruling under Rule 56(d).  However, even if the Court were to grant Lorenzo the relief that he seeks, any document that would be responsive to his requests (to the extent that such a document exists) would not demonstrate that Lorenzo possessed a protectable liberty interest that Defendants violated.  Therefore, Defendants would still be entitled to summary judgment.

5

Therefore, contrary to his representation that he could not file a response without first obtaining the additional documents, Lorenzo has filed his response.

Two, Defendants produced the additional documents in April 2017. Since that time, Lorenzo has not attempted to supplement his response in any manner even though he has filed other pleadings. The Court interprets Lorenzo's silence as an indication that the documents produced in April had no bearing or effect upon the arguments that he made in his response to Defendants' motion for summary judgment. Even though Lorenzo is proceeding pro se, he has demonstrated an ability to litigate the case through his motion practice. Therefore, had Lorenzo wanted to supplement his response, he could have and should have sought to have done so in the three months between the production of the additional documents and this Order. Lorenzo has not done so, and therefore, there is no need to further delay ruling on Defendants' motion for summary judgment.

As for his motion to re-open discovery, Lorenzo asks the Court to re-open discovery so that he may make further inquiries into Major Brown's testimony, something that he asserts that he was precluded from doing because Defendants did not disclose Major Brown, as they should have, in their initial disclosures. But, as noted *supra*, Lorenzo was aware of Major Brown's participation on the Adjustment Committee and, therefore, should not have been surprised by his affidavit.

In any event, Defendants have represented that Major Brown did not submit an affidavit in the captioned case pending in the Southern District of Illinois. Therefore, there is no reason to re-open discovery to allow Lorenzo to obtain an affidavit that does not exist (*i.e.*, the one that Lorenzo believes was filed in the Southern District of Illinois). Lorenzo may question Defendants' representation that Major Brown's originally filed affidavit merely contained a

clerical error, but he has offered nothing other than his suspicions that would support re-opening discovery in the manner that he has requested. Therefore, his motion is denied.

*Third*, Lorenzo asks the Court to reconsider is prior ruling and to appoint counsel to represent him. Lorenzo's motion is denied.

As the Court has previously explained to Lorenzo, the Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself . . . . The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original).

Lorenzo appears capable of reading and writing English. Lorenzo has filed cogent pleadings with the Court and, and he has filed a response to Defendants' motion for summary judgment. As explained *infra*, Defendants are entitled to the summary judgment that they seek, and had Lorenzo been represented by counsel, this outcome would not have been affected. Accordingly, Lorenzo's renewed motion for appointment of counsel is denied.

**DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT**

The gist of Lorenzo's claim against Defendants is that Defendants violated his Due Process rights by placing him into administrative detention from December 2013 until April 2014 without first affording him the opportunity to have a hearing with live testimony prior to his placement in administrative detention. Moreover, Lorenzo contends that administrative detention was an atypical and significant hardship that amounted to a deprivation of his liberty interest that is protected by the Fourteenth Amendment.

The Court need not consider, however, whether the conditions of Lorenzo's confinement in administrative detention were so atypical or significant so as to have violated his Due Process rights because the law is clear that inmates—such as Lorenzo—have no liberty interest in avoiding a transfer to discretionary segregation imposed for administrative, protective, or investigative purposes. *Townsend v. Fuch*, 552 F.3d 765, 771 (7th Cir. 2008). In other words, Lorenzo's placement in administrative detention or administrative segregation did not implicate a protected liberty interest, and therefore, Defendants did not violate Lorenzo's Constitutional rights in such a manner so as to support his claim under § 1983.

The United States Court of Appeals for the Seventh Circuit has recently made this point clear. In *Smith v. Akpore*, 2017 WL 2367378 (7th Cir. May 31, 2017), the plaintiff—like Lorenzo in this case—claimed a violation of his constitutional rights when the defendants place him into segregation[3] without affording him his Due Process rights. *Id*. at * 1.

In rejecting Smith's arguments on appeal and in affirming the District Court's summary judgment order against Smith, the Seventh Circuit began its analysis by noting that "[n]o process was required, however, unless Smith had a protected liberty interest in remaining in the general

---

[3] Lorenzo was placed into administrative detention while the plaintiff in *Smith* was placed into detention for investigative purposes. *Id*. at * 1.

8

population." *Id*. at * 2. In fact, "[p]risoners generally do not have a liberty interest in avoiding brief periods of segregation, whether administrative or disciplinary." *Id*.

Thereafter, the Seventh Circuit opined:

> Smith's 30 days in investigative segregation and approximately 3 months in disciplinary segregation were not long enough to raise a concern under the Due Process Clause. *See Townsend v. Fuch*, 522 F.3d 765, 766, 771-72 (7th Cir. 2008) (no liberty interest implicated in 59 days' administrative segregation); *Lekas*, 405 F.3d at 604-05, 612 (90 days' segregation at Stateville did not trigger liberty interest); *Thomas v. Ramos*, 130 F.3d 754, 761-62 (7th Cir. 1997)(no liberty interest in 70 days' combined administrative and disciplinary segregation). And since Smith did not have a right to procedural due process before being moved to segregation, he could not have suffered a constitutional deprivation when the Adjustment Committee chairperson did not summon his requested witnesses. *Cf. Wolff v. McDonnell*, 418 U.S. 539, 558, 564-66, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Id*.

Lorenzo's arguments fail for the same reasons. Lorenzo was only in administrative segregation for approximately 100 days—a short enough duration so as not to trigger a liberty interest. *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005)(holding that 90 days in segregation at Stateville did not give rise to liberty interest); *Tillman v. Atchison*, 2016 WL 3753512, * 6 (S.D. Ill. July 13, 2016)(69 days not sufficient to implicate liberty interest). This finding is especially cogent given the fact that Lorenzo is serving a life sentence, and so, his placement in disciplinary segregation and in administrative detention did not affect his sentence whatsoever. *Townsend*, 522 F.3d at 772 (finding that an inmate had no liberty interest in avoiding discretionary segregation placement where the inmate's placement was not indefinite and did not affect his parole eligibility). Lorenzo's placement in administrative detention was not indefinite as evidenced by the fact that members of the administrative detention review committee reviewed Lorenzo's detention status and moved him from Phase I (a more restrictive phase) to Phase II approximately ninety days after being moved to administrative detention.

9

Because he had no right to procedural due process before being placed in administrative detention, Defendants did not violate his Fourteenth Amendment rights by not providing him with a hearing and with the right to call witnesses at that hearing before placing him for a short duration into administrative detention. Accordingly, Defendants are entitled to the summary judgment that they seek.

**IT IS, THEREFORE, ORDERED:**

**1.    Defendants' motion for leave to file amended affidavit [42] is GRANTED, and the amended affidavit from Major Chad Brown that is attached to Defendants' motion for leave to file is considered to be a part of the summary judgment record.**

**2.    Plaintiff's motion to strike [35] is DENIED.**

**3.    Plaintiff's motion under Rule 56(d) [34], motion to compel [37], and motion to re-open discovery [43] are DENIED.**

**4.    Plaintiff's renewed motion for the appointment of counsel [38] is DENIED.**

**5.    Defendants' motion for summary judgment [31] is GRANTED. The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff. All other pending motions are denied as moot, and this case is terminated, with the Parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.**

**6.    If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**7.    If Plaintiff wishes to proceed in forma pauperis on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c);** *Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be**

**given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED this 27th day of July, 2017

                                              s/ Sara L. Darrow
                                            SARA L. DARROW
                                   UNITED STATES DISTRICT JUDGE